UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GINA MARIE SAVINO *on behalf of*
*herself and all others similarly situated*,

           Plaintiff,

   -against-

JEFFERSON CAPITAL SYSTEMS, LLC.,

          Defendant.
------------------------------------------------------X

**FILED**
**CLERK**

1/23/2020 10:10 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
18-CV-7254 (JMA) (SIL)

**AZRACK, United States District Judge:**

On July 24, 2018, plaintiff initiated a civil action against the defendant in the Supreme Court of the State of New York, County of Suffolk, by filing a Summons with Notice. (ECF No. 1.) Defendant was served on November 20, 2018 and removed the action to Federal Court on December 20, 2018. (Id.) In accordance with a Court Order, plaintiff filed a Federal complaint on July 24, 2019. (ECF No. 7.)

On September 15, 2019, in advance of the scheduled Initial Conference, the parties filed a joint motion to stay this case pending the Second Circuit's decisions in the Dow v. Frontline Asset Strategies, LLC. (18-3107) and the De La Cruz v. Financial Recovery Services (19-1152) matters because the issue in this action mirrored the issues pending before the Second Circuit. (ECF No. 10.) Plaintiff, who filed the joint motion, indicated that these cases addressed the same issue as the instant matter and that the Dow matter involved the same Defendant. (Id.) The Court granted this motion on September 16, 2019.

The Second Circuit issued a Summary Order in Dow on November 4, 2019. 783 F. App'x 75 (2d Cir. 2019). The Second Circuit upheld the District Court's decision dismissing the case, and counsel in De La Cruz subsequently withdrew that appeal. Accordingly, on January 14, 2020,

this Court issued an Order to Show Cause, reflecting the above procedural history, and directed plaintiff to show cause in writing by January 21, 2020, why an order should not be entered dismissing this action in accordance with the Second Circuit's Order in <u>Dow</u>.  (Electronic Order, 1/14/2020.)  Plaintiff was warned that failure to respond to the Order may result in dismissal of the case for failure to prosecute.  (<u>Id.</u>)

To date, plaintiff has not responded to the January 14, 2020 Order to Show Cause, or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  The district court also has the inherent power to dismiss a case <u>sua</u> <u>sponte</u> for lack of prosecution or noncompliance.  <u>Merker v. Rice</u>, 649 F.2d 171, 173 (2d Cir. 1981).  The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

<u>Shannon v. Gen. Elec. Co.</u>, 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting <u>Nita v. Conn. Dep't of Envtl. Prot.</u>, 16 F.3d 482, 485 (2d Cir. 1994)).  Generally, no single factor is dispositive.  <u>Id.</u> at 194.

Since the Second Circuit issued its summary order in <u>Dow</u> on November 4, 2019, plaintiff has failed to contact the Court about this development, despite being directed to do so in the Court's September 16, 2019 Electronic Order.  Moreover, the Court clearly warned plaintiff that failure to

respond to the January 14, 2020 Order to Show Cause could result in the dismissal of the case. The Court has considered the relevant factors here and concludes that plaintiff's failure to comply with this Court's Order or otherwise communicate with the Court warrants dismissal.[1] Accordingly, this case is dismissed for failure to prosecute and noncompliance and the Clerk of the Court is directed to close this case.[2]

**SO ORDERED.**

Dated: January 23, 2020
Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[1] Furthermore, plaintiff's counsel has recently engaged in a pattern of abandoning his cases. Indeed, on January 14, 2020, the Court issued five other Orders in cases brought by plaintiff's counsel directing responses by January 21, 2020, and counsel failed to respond to a single one. (See Dockets 19-cv-4562, 19-cv-2778, 17-cv-2454, 19-cv-4325, 19-cv-4448.) The Court also had to dismiss two cases brought by plaintiff's counsel on January 14, 2020 for failure to prosecute and non-compliance. (See Dockets 19-cv-3771, 19-cv-3891.) The conduct by plaintiff's counsel in ignoring numerous Court Orders and failing to prosecute his cases brought before this Court further supports dismissing this action for failure to prosecute and noncompliance.

[2] Pursuant to the July 14, 2020 Order to Show Cause, the Court also dismisses this case on the merits in accordance with Dow v. Frontline Asset Strategies, LLC 783 F. App'x 75 (2d Cir. 2019). In both cases, the debt was static and the allegedly misleading line described the debt, "as of the date of this letter." The Second Circuit found this phrase was not misleading within the meaning of Section 1692e, and thus the Court determines the identical language here is not misleading.